*1061 OPINION.
TuRner :
The first question presented for our determination is whether or not the Barham Well No. 1 was properly classified by the respondent as an association, taxable under the income tax statute as a corporation for the years 1924, 1925, and 1926, and, if so, whether the petitioner herein is transferee of said Barham Well No. 1 within *1062 the-meaning of .section 280 of the Revenue Act of 1926. If these issues are determined for the respondent, it will then be necessary to consider the questions raised by the petition to the effect that the statute of limitations had run prior to August 15, 1930, the date on which the notice of deficiency herein was mailed by the respondent.
In Erle Gerard, 28 B. T. A. 236, we considered very carefully the question as to whether or not Barham Well No. 1 was properly classified as an association, taxable as a corporation for the year 1923 under section 2 of the Revenue Act of 1921 and articles 1502 and 1504 of Regulations 62. We concluded that Barham Well No. 1 was an association within the meaning of the statute, and regulations for the year 1923, and our finding on this point has since been affirmed by the United States Circuit Court of Appeals for the Ninth Circuit, 75 Fed. (2d) 542. We have very carefully considered the evidence in the record in this case and are convinced that the same ruling should obtain for the years 1924, 1925, and 1926, and-feel that nothing can be added to the discussion in Erle Gerard, supra, on this point.
In that case we did not have .before us the question as to whether or not the petitioner is a transferee of Barham Well No. 1 within the meaning of section 280 of the Revenue Act-of 1926, but we did decide that the petitioner purchased the shares of the unit holders and not the assets of the association, and we find nothing in the record of this case to cause a change of our views on the nature of the transaction. The facts here show that, upon the acquisition of the various units or shares of Barham Well No. 1 by the petitioner the property of the former was taken over and merged with other property and operations of the petitioner. On, these facts, it is clear that the petitioner became the transferee of Barham Well No. 1 within the meaning of section 280, supra.
Having determined that the petitioner is a transferee of Barham Well No. 1, it becomes necessary to consider and dispose of the contention that the .period within which the deficiencies herein involved could be assessed against and collected from the petitioner had expired prior to August 15, 1930, the date on which the deficiency letter herein was mailed.
Under section 277 (a) of the Revenue Act of 1924 and section 277 (a) (2); of the Revenue Act of .1926, it is provided that income taxes for the calendar year 1924 must be assessed within four years after the return was filed. Under section 277 (b) of the Revenue Acts of 1924 and 1926, however, it' is provided that where a deficiency notice has been mailed under subdivision (a) of section 274 of those acts and a petition has been filed with the Board, the running of the statute of limitations on the making of assessment is suspended until the decision of the Board has become final and for 60 days thereafter. Section 280 (b) ' (1) of the Revenue Act of 1926 pro *1063 vides that assessment of liability of a transferee must'be made within one year, after the expiration of the period of limitation for assessment against the taxpayer. With reference to the years 1925 and 1926, the statutory provisions:.are the same, except that the period within which income taxes must be assessed against the-taxpayer is three years from the date of the filing of the return instead of four years allowed for 1924.
The petitioner takes the position that-neither ’of the petitions filed in respect of the deficiencies determined against Barham Well No. 1 for the years 1924,1925, and 1926 effected--the suspension of the running of the statute of limitations. With reference to 1924, it is claimed that Leeper had previously, on or about March 1, 1927, disposed of all his right, title, and interest in and to the- said Barham Well No. 1, and had no authority whatever to 'file- a petition in its behalf. With reference to 1925,-the petitioner relies on the fact that Walker S. Clute was never at any time a unit holder or trustee of Barham Well No. 1, and that he likewise was without any authority to file a petition. If these petitions did suspend the running of the statute of limitations until their final disposition and for a period of sixty days thereafter, it would not be- necessary to trace in detail the various dates which might otherwise affect or mark the running of the statute of limitations, since we have found- as a fact that the petitions were not finally disposed of until 1932, which -was more than a year after the deficiency notice herein was mailed to the petitioner. In our opinion the filing, of these petitions did suspend, the running of the statute of limitations. American Equitable Assurance Co. of New York v. Helvering, 68 Fed. (2d) 46.
Decision will be entered for the respondent for deficiencies in the amounts .shown by the deficiency letter, plus interest as provided'by law. - -